THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Harold F. MacGilvray, III, (Lead Plaintiff), James
M. Benoit, John P. Brady, Jr., Kevin M.
Braxton, Carl Brooks, John D. Buckley, William
J. Butts, Joseph F. Byrnes, Michael H. Byrnes,
Salvatore Caraviello, Joseph Casey, Frank
Cassarino, Guy Champa, Jr., Darrin P.
Connolly, Daniel Conway, Lawrence F. Crowley,
Daniel D'Amico, Paul John Davidson, Barbara
DeCristofaro, Ken DiBlasi, Jr., Donald DiMare,
Brian P. Doherty, Robin M. Doherty, Joseph P.
Donahue, Richard J. Dorrance, Peter J.
Dussault, Lee W. Enos, Patrick Fahey, William
E. Fargo, Thomas Fazio, Frank J. Femino,
Joseph L. Gayliardi, Marc Gigante, John L.
Ghilain, Paul F. Giordano, William Grassia,
William F. Hafner, Gregory Hudson, Shawn
Hughes, Michael Indigaro, Richard Iozza,
Matthew A. Insogna, Lawrence James, Robert
M. Kelley, Michael Lawless, Richard LeBert,
Stephen LeBert, Guy C. Leone, Michael Leone,
Miguel A. Lopez, Paul S. MacGilvray, Paul J.
Machowski, Shawn Maloney, Thomas P.
Maloney, Jason S. Montalbano, Charles J.
Moore, William M. Mulcahy, Christopher Ness,
Shawn M. Norton, Patrick O'Keefe, John E.
Pellegrino, Michael Pellegrino, Sheila J. Quinn,
Angelo Raffaele, Richard J. Raso, Jean G. Reid,
James Ricciardo, Robert S. Rockwell, David
Rooney, Kevin Rooney, Daniel D. Silva, Patricia
Sullivan, Ronald Tarentino, Eleanor M. Whalen,
Edward Whitaker, John P Zafiris Jr.,

     Plaintiffs

v.

City of Medford, Medford Police Department,
and Leo A. Sacco, Jr. in his capacity as Chief of
Police,

     Defendants,

USDC Case No.

MAGISTRATE JUDGE _Alexander_,

## COMPLAINT OF VIOLATION
## UNDER THE FAIR LABOR STANDARDS ACT

### BACKGROUND

1.      The Plaintiffs in this action are seventy-six (76) current and former patrol officers who are or were employed by the City of Medford, Massachusetts, within the Medford Police Department.

2.      The Defendants in this action are the following individuals and entities: Leo A. Sacco, Jr., who holds the position of Chief of Police and is the Chief Executive of the Medford Police Department; the City of Medford; and the Medford Police Department.  Each of the above-named defendants is person or entity that falls within the definition of "employer" within the meaning of 29 U.S.C. §203(b).

3.      Plaintiffs bring this action for a declaratory judgment, back pay for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA").

4.      Defendants' willful violations of the FLSA include unlawful failure to calculate and pay overtime in violation of 29 U.S.C. §207.

### JURISDICTION

5.      Jurisdiction over this action is conferred on the court by 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6.      Jurisdiction to provide declaratory relief and any relief as necessary to effectuate such declaration is authorized under 28 U.S.C. §§2201 and 2202.

7.     This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

## PARTIES

8.     Each of the Plaintiffs is or was during the relevant statute of limitations an employee within the meaning of the FLSA §203(e), of the City of Medford within the Medford Police Department.  Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. §216(b).  See attachments to original complaint.

9.     The Defendant City of Medford ("City"), Massachusetts, is an employer within the meaning of FLSA §203(d) and is the official governmental authority responsible for the organization, provision, management, and operation of law enforcement within its jurisdiction.  The City's police department is an official department or agency of the City authorized and established to provide the City's law enforcement.

## FACTUAL BACKGROUND

10.     The effective date for FLSA coverage of Plaintiffs with respect to their employment with the City was April 15, 1986.  FLSA Amendments of 1985 (Public Law 99-150); Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985) (ruling that FLSA could constitutionally be applied to state and local employees).

11.     Plaintiffs are scheduled to work a forty-hour workweek, and the regular work period is a 7-day week.

3

12.     Plaintiffs are not covered by the partial public safety exemption under 29 U.S.C. §207(k) and therefore Plaintiffs are entitled to credit for time worked over forty hours in a week at time and one half.

13.     The City is required to include wage augments in calculating the FLSA regular rate as an initial step before calculating the FLSA overtime rate, which is to be calculated as one and one half times such FLSA regular rate. However for at least three years prior to the date that this complaint was filed the City has failed to include such wage augments in calculating the FLSA regular rate (e.g., it has not included longevity pay, night shift differential, assignment differential, weapons pay, weekend differential and Emergency Medical Technician ("EMT") differential.) As a result, the City has been calculating the regular rate for Plaintiffs in a manner that results in the regular rate being lower than required by law, and this in turn resulted in the City paying Plaintiffs for FLSA overtime at a rate that is lower than required by the FLSA.  FLSA 29 U.S.C. §207(a); 29 C.F.R. Part 778.

14.     The law requiring that such wage augments be included in calculating the FLSA regular and overtime rate has been long established.  See, e.g., the First Circuit ruling in O'Brien et al. v. Town Of Agawam, 350 F.3d 279 (1st Cir. 2003).

15.     The City has also paid Plaintiffs at a flat rate that is less routinely than the FLSA overtime rate when said Plaintiffs perform certain overtime work referred to as "City details" or "forced details."  A City detail is work that a Plaintiff performs for the benefit of a City operation (e.g., road work, school

4

department work, election work). A forced detail is work that may be performed for the benefit of a private contractor (of the City) where the Plaintiff is ordered to perform such detail.

16.    The City has received no assurance from the Department of Labor and/or its legal counsel that the City's calculation of FLSA for any portion of the period encompassing three years pre-dating the complaint in this action from the overtime was lawful under the FLSA.

## COUNT I

17.    With respect to the first count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-16.

18.    Defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs the proper amount in cash overtime compensation due them under the FLSA and its implementing regulations, specifically by failing to include multiple wage augments that Plaintiffs receive in calculating the "regular rate" and corresponding FLSA overtime rate. This has resulted in Plaintiffs receiving an overtime rate and compensation that is less than the amount required under the FLSA.

## COUNT II

19.    With respect to the second count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-18.

20.    Defendants have violated and continue to violate the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiffs at the

applicable overtime rate under the FLSA for time spent working City and forced details.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

A.     Enter a declaratory judgment that Defendants have willfully and wrongfully violated their obligations under the FLSA by depriving Plaintiffs cash overtime payment on their regular pay day as required by law for each instance that (a) a Plaintiff was not paid overtime in the correct amount due to the City's failure to include all wage augments in the regular rate prior to calculating the FLSA overtime rate for three years prior to the date that this complaint was filed and onward to present; and (b) a Plaintiff was not paid the applicable FLSA overtime rate for time working City and forced details.

B.     Order Defendants, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of all FLSA unpaid overtime compensation owing to each Plaintiff for the unlawful payment practices of the City as alleged in Count I and II starting three (3) years prior to the date that the instant complaint was filed in Federal District Court) and onward to present.

C.     Enter a judgment under FLSA Section 216 against Defendants for payment of back wages to Plaintiffs for all sums found due to each Plaintiff for unpaid overtime compensation starting three years prior to the date that the instant complaint was filed in Federal District Court) and onward to present.

D.     Enter a judgment under FLSA Section 216 against Defendants for payment of liquidated damages to Plaintiffs as are owing to each Plaintiff in an

amount equal to the amount adjudged as owing to each Plaintiff for unpaid overtime compensation under paragraph C.[1]

F.    Enter a judgment under FLSA Section 216 against Defendants for all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this FLSA complaint.

G.    Enter orders and judgments as may otherwise be a just and proper to remedy the City's unlawful violations of the FLSA as alleged herein.

Respectfully submitted,

For Plaintiffs,

By Plaintiffs' Counsel:

Jack J. Canzoneri, BBO #564126
Cordaville Officer Center
McDonald Lamond & Canzoneri
153 Cordaville Road, Suite 210
Southborough, Massachusetts 01772
(508) 485-6600

Dated: May __22__, 2006

---

[1]    Assuming arguendo that no liquidated damages are held owing for any portion of the back pay liability—and Plaintiffs in now way concede that point—Plaintiffs then respectfully request that the Court enter a judgment against Defendants for prejudgment statutory interest on all such amounts.